RECEIVED

APR - 3 2006

CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

**United States Representatives**
Subcommittee on the Constitution
2138 Rayburn House Office Building
Washington, DC 20515

January 21, 2006

Gordon Epperly
P.O. Box 34358
Juneau, Alaska 99803

In Reg: Reconstruction Acts of 1867

Honorable Members

    A few years ago I submitted a Petition to the Congress of the United States to investigate the ratification of two Amendments to the Constitution of the United States, the 14th and 16th Amendments.

    Since the time of my request, these two Amendments have been taken to the federal Courts for review. Several federal Courts took jurisdiction over the ratification question of the 16th Amendment and dismissed the cases on the merits. The questions of ratification of the 16th Amendment were brought before the Courts by several Attorneys.

    The 14th Amendment was brought before the federal Courts (including the U.S. Supreme Court) with each of these Courts declaring that the questions of ratification of the 14th Amendment was a Political Question which the Courts would not address. As the ratification of this one Amendment (14th) is a Political Question to the federal Courts, it appears that the Courts have returned this question of law back to the Congress of the United States to resolve.

    Looking to the enclosed letter of U.S. Senator Orion Hatch, the Senator believes that I am asking the Congress to revoke the 14th Amendment. This is not my request.

**Exhibit Three**
Six Pages

The purpose of my letters are nothing more than letters of inquiry. If I was to make a request that this Congress was to revoke an Amendment, then my request would be an acknowledgement that the Amendment was adopted in accordance to the will of the people and the States as expressed in U.S. Constitution, Article V. And if my letters was a request for Congress to revoke an Amendment that was not adopted in accordance to Article V of the U.S. Constitution the question: "*how would the U.S. Congress revoke a non existent Amendment?*" would arise. And if the 14th Amendment was not adopted in accordance to Article V of the U.S. Constitution then the question must be asked: "*by what authority does the U.S. Congress or the federal Courts rely upon to alter the Supreme Law of our Nation by using other measures that may not be found in the U.S. Constitution?*"

Senator Orion Hatch expresses concerns that if a Committee of Congress finds that the 14th Amendment was not ratified in accordance to Article V of the U.S. Constitution, this would place an undue burden upon the Congress of the United States. This may or may not be true, but the problem originated with the Congress of the United States and I am sure the Congress can resolve any problem that may arise as long it is done within the framework of the United States Constitution.

This is not the first time Congress had to address the question of non-existent Amendments. Do you recall the TONA Amendment (*Title of Nobility Amendment*). The TONA Amendment was published in every law book of every State and Territory of the United States and it was known as the U.S. Constitution, 13th Amendment. After several years of being accepted as an Amendment to the United States Constitution, the Congress of that day found that it had not been ratified in accordance to Article V of the U.S. Constitution and had it removed from all law books. The last publication of the TONA Amendment was in the 1860 Territorial Laws of Nebraska.

I would like this Committee to clarify the intent of the legislation that was enacted by the Fortieth Congress, Second Session known as the "*Reconstruction Acts*" of March 11, 1868 [FORTIETH CONGRESS, Sess. II, Ch.25] (enclosed) by giving

answers to the following questions (*emphases in blue font*). Looking to the first paragraph of that Act we find that Congress of 1868 states:

> "*Whereas no legal governments or adequate protection for life or property now exist in the rebel States of [naming them]; and . . . .*" (emphasis added)

raises the following questions:

> "*On what Month/Day/Year did the Confederate [rebel] States of the South cease to have legitimate governments?*"

We know that each of the Confederate States had legitimate governments at the time they were admitted into the union of States.

We know that the Congress of 1861 acknowledged by Resolution [enclosed] that the Confederate States had legitimate governments at the time of the Civil War.

We know that the Congress of 1865-66 acknowledged that the Confederate States had legitimate governments after the Civil War when it submitted Resolutions of Ratification to those States and then accepting the Ratification Votes of those States on the present day U.S. Constitution, 13th Amendment.

We know that the United States Supreme Court ruled that the Confederate States were States before, during, and after the Civil War [Texas v. White, 7 Wall. 700, 19 L.Ed. 227].

The next question is obvious:

> "*When did the Confederate States have their legitimate governments restored?*"

The Congress of 1868 answered the question in Section 6 of the Reconstruction Act of March 11, 1868:

3

> *"That, until the people of said rebel States shall be **by law** admitted to representation in the Congress of the United States, any civil governments which may exist therein shall be deemed provisional only, and in all respects subject to the paramount authority of the United States . . . ."* [emphasis added]

Needless to say, everyone is confused for if there are no legitimate governments of the Confederate States at the time the U.S. Congress enacted the <u>Reconstruction Act</u> of March 11, 1868 and until [*by law*] those States have been admitted to representation in Congress of the United States raises the question:

> *"By what authority did the U.S. Congress of that day rely upon to accept any <u>U.S. Constitution, 14th Amendment</u> ratification votes that were cast by any Confederate State between these dates?"*

The <u>Reconstruction Act</u> of March 11, 1868 raises other questions in regard to the issue of suffrage, but we will let these questions lay on the table for another day.

In the enclosed letter, Senator Orion Hatch feels that over the years, the historical documents that may resolve the questions relating to the ratification of the 14th Amendment may have been lost or destroyed. Fortunately this has not happened.

Enclosed are two computer diskettes that have all the historical documents in question. If you would like to make a printed copy of any document, I suggest you use the PDF format. To access the print menu, you may either *"right click"* your computer mouse or press the *"F8"* key on your computer keyboard. You may find the *"Official Notices of Ratification"* of the <u>U.S. Const., 14th Amendment</u> from the United States National Archives and Records Administration. They are located on Micro-Film Reels two, three, and four of M1518.

4

Sincerely Yours

Gordon Epperly


cc:     U.S. Representative Don Young


| | |
|---|---|
| **United States Representatives**<br>Subcommittee on the Constitution<br>2138 Rayburn House Office Building<br>Washington, DC 20515 | **U.S. Representative Don Young**<br>2111 Rayburn House Office Building<br>Washington, DC 20515 |
| **U.S. Representative Steve Chabot**<br>129 Cannon House Office Building<br>Washington, D.C. 20515 | **U.S. Representative Trent Franks**<br>1237 Longworth House Office Building<br>Washington, DC 20515 |
| **U.S. Representative William L. Jenkins**<br>1207 Longworth Office Building<br>Washington, DC 20515 | **U.S. Representative Spencer Bachus**<br>442 Cannon House Office Building<br>Washington, D.C. 20515 |
| **U.S. Representative John N. Hostettler**<br>1214 Longworth House Office Building<br>Washington, DC 20515 | **U.S. Representative Mark Green**<br>1314 Longworth House Office Building<br>Washington, DC 20515 |
| **U.S. Representative Steve King**<br>1432 Longworth Office Building<br>Washington DC 20515 | **U.S. Representative Tom Feeney**<br>323 Cannon House Office Building<br>Washington DC 20515 |
| **U.S. Representative Jerrold Nadler**<br>2334 Rayburn House Office Building<br>Washington, DC 20515 | **U.S. Representative John Conyers, Jr.**<br>2426 Rayburn Building<br>Washington, DC 20515 |
| **U.S. Representative Robert C. Scott**<br>1201 Longworth House Office Building<br>Washington, DC 20515 | **U.S. Representative Melvin L. Watt**<br>2236 Rayburn House Office Building<br>Washington, DC 20515 |
| **U.S. Representative Chris Van Hollen**<br>1419 Longwoth House Office Building<br>Washington, DC 20515 | |