# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RECEIVED
MAY 0 1 2006
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

Gordon Warren Epperly
c/o P.O. Box 34358
Juneau, Alaska [99803]

Telephone: (907) 789-5659

|  |  |
|---|---|
| Gordon Warren Epperly,<br>　　　　　Plaintiff,<br><br>vs.,<br><br>Congress of the United States,<br>　(United States)<br>　　　　　Defendant. | Case No. 1:06-CV-00008-JWS<br><br>Motion To Reconsider |

Comes Now the Plaintiff, Gordon Warren Epperly, hereby moves the Court to reconsider its Court Order of April 14th, 2006 (*Order Dismissing Plaintiff's Complaint*). This "*Motion to Reconsider*" is submitted under Rule 61 - F.R.C.P. (*Harmless Error in Judgment*).

On or about April 14th, 2006, the Plaintiff was in receipt of a Court Order by Judge John W. Sedwick dismissing Plaintiff's Complaint on the grounds "*that the Complaint is frivolous where it lacks an arguable basis either in law or in fact*." The Court Order was qualified with the statement that the case was dismissed with prejudice.

On April 24th, 2006, the Plaintiff submitted to the Court a Letter of Inquiry requesting a clarification of the phrase *"dismissed with prejudice"* and enclosed with the letter were two computer diskettes for viewing at the pleasure of the Judge.

The following day, the Plaintiff received in the mail the two computer diskettes that were to be passed on to the Judge with a *"Notice"* from the Clerk of the Court that the computer diskettes were classified as *"Exhibits"* and as they were unusual, they were rejected for not having obtained prior approval of the Judge for filing. It should be noted that these two computer diskettes were not submitted as *"Exhibits"* as Plaintiff's Letter of Inquiry was not a Pleading, Motion, or a Complaint. As the Clerk of Court returned the two computer diskettes without prior notice to the Plaintiff, the Plaintiff must conclude that the Clerk of the Court also withheld the Plaintiff's *"Letter of Inquiry"* from the Judge thus the need of this *"Motion for Reconsideration."*

Looking to the Court Order, the Judge makes reference that all allegations of the Plaintiff were towards Acts of Congress in the years of the 1960's and 1980's. I must conclude that this is harmless error of the Judge as the years in question took place 100 years earlier in the 1860's. After looking up the cases cited by Judge John W. Sedwick in support of his Order, the Plaintiff finds the statement that the case lacks arguable basis in law or fact may be questionable.

The U.S. Supreme Court in <u>Neitzke v. Williams</u> (490 US 319, 104 L.Ed.2d 338) declares that a complaint containing factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. This standard does not apply to Plaintiff's Complaint as there is an arguable basis in law as the <u>Reconstruction Acts</u> of 1867 appears to be in conflict with the <u>Constitution of the United States of America</u>. Here I must remind the Court that the issue of argument is not limited to the suffrage of Negroes under the <u>Reconstruction Acts</u> of 1867 as stated in the Court Order, but other arguable issues of law have been raised but not limited to the authority of military districts holding legislative meetings and passing votes of ratification of Amendments to the Constitution for the United States of America.

The U.S Supreme Court also declared (paraphrased) in the case of <u>Powell v. McCormack</u> (395 US 486, 23 L.Ed.2d 491) that the court need to express no opinion about the appropriateness of the relief of the case, for the Petitioners (*Plaintiff*) sought a declaratory judgment, a form of relief the District Court may issue. The <u>Declaratory Judgment Act, 28 USC 2201</u>, provides that a District Court may "*declare the rights . . . of any interested party . . . whether or not further relief is or could be sought.*" The availability of declaratory relief depends on whether there is a live dispute between the parties (*which there is*) and a request for declaratory relief may be considered independently of whether other forms of relief are appropriate. We thus conclude that in terms of the general criteria of justiciability, the case is justiciable.

What is at issue is the inalienable rights of the Plaintiff that fall under the <u>Ninth Article</u> of the <u>Bill of Rights</u> to the <u>Constitution for the United States</u> as stated in the Nexus of Plaintiff's Complaint. It is noted that the founding fathers found that these rights are so numerable that they could not list them and as such, the <u>Ninth Article</u> of the <u>Bill of Rights</u> must be construed liberally. There can be no question that the <u>Reconstruction Acts</u> of 1867 impacted inalienable rights and thus a nexus between the Plaintiff and the <u>Reconstruction Acts</u> has been established. There is a live dispute between the Plaintiff and the Defendant and there is an arguable basis in law if not the facts of the case.

Dated this twenty-eighth day of the month of April in the year of our Lord Jesus Christ, Two Thousand and Six.

_____
Gordon Warren Epperly - Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

Gordon Warren Epperly
c/o P.O. Box 34358
Juneau, Alaska [99803]

Telephone: (907) 789-5659

|  |  |
|---|---|
| Gordon Warren Epperly,  )<br>　　　　　　Plaintiff,  )<br>　　　　　　　　　　　)<br>　　vs.,  　　　　　　　)<br>　　　　　　　　　　　)<br>Congress of the United States,  )<br>　　(United States)  　　)<br>　　　　　　Defendant.  )<br>　　　　　　　　　　　) | Case No. 1:06-CV-00008-JWS<br><br>Certificate of Mailing |

Comes now the Plaintiff, Gordon Warren Epperly, hereby states under the penalties of perjury, that true and correct copies of Plaintiff's Motion for Reconsideration was delivered to the Counsel for the Defendants at:

| | |
|---|---|
| Office of U.S. Attorney<br>Civil Process Clerk<br>Federal Building and U.S. Courthouse<br>222 West 7th Ave, Room 253, #9<br>Anchorage, Alaska  99513 | Attorney General Alberto R. Gonzales<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C.  20530-0001 |

by placing said item in a proper stamped envelope and delivering the envelope to the United States Postal Service for mailing.

Certificate of Mailing – Page One of Two

Dated this twenty-eighth day of the month of April in the year of our Lord Jesus Christ, Two Thousand and Six.

_____
Gordon Warren Epperly - Plaintiff

Certificate of Mailing – Page Two of Two